Marian F. Harrison
US Bankruptcy Judge

Dated: 04/13/11

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 310-08837 |
| **ANDREA MARIE BEAUDET,** | ) |
| | ) **CHAPTER 13** |
| Debtor. | ) |
| | ) **JUDGE GEORGE C. PAINE II** |
| | ) |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon the debtor's objection to the claim of Ocwen Loan Servicing, LLC (hereinafter "Ocwen") and the Chapter 13 Trustee's motion to modify plan. For the following reasons, which represent the Court's findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 52(a)(1) as incorporated by Fed. R. Bankr. P. 7052, and made applicable by Fed. R. Bankr. P. 9014(c), the Court finds that the debtor's objection should be sustained and that the Chapter 13 Trustee's motion to modify should be granted to the extent set forth in this Memorandum Opinion.

# I. BACKGROUND

Prior to filing for bankruptcy protection, the debtor stopped making mortgage payments, including escrow payments, to Ocwen on her residence at 1933 20th Avenue, South, Nashville, Tennessee. On August 20, 2010, the debtor filed her Chapter 13 petition, properly scheduling Ocwen as having a security interest in her residence. Ocwen filed an objection to confirmation of the debtor's plan, asserting that the ongoing continuing mortgage payment should be $2468.42. Ocwen withdrew its objection, and the debtor's plan was confirmed on December 8, 2010. Under the terms of the confirmed plan, Ocwen was to be paid $1890.68 monthly. This amount did not include the pre-petition escrow shortages.

Thereafter, on December 21, 2010, Ocwen filed an amended proof of claim showing the ongoing continuing mortgage payment as $2468.42, which includes an escrow shortage of $397.54, principal and interest of $1474.56, and the required escrow of $596.32 going forward. Ocwen based the amendment on an increase in the funds necessary to pay future escrow items and on its post-petition payment of insurance and taxes due to the debtor's failure to make pre-petition escrow payments. Rather than include the escrow arrearage in its pre-petition claim, Ocwen accounted for the pre-petition escrow shortage in its post-petition calculation of the debtor's future monthly escrow payments.

In response to Ocwen's amended proof of claim, the Chapter 13 Trustee filed a motion to modify the payment to Ocwen from $1890.68 to $2468.42. The debtor objected

2 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:10-bk-08837    Doc 59    Filed 04/13/11    Entered 04/13/11 11:45:45    Desc Main
Document      Page 2 of 6

to the Chapter 13 Trustee's motion because the revised ongoing payments to Ocwen included pre-petition escrow arrearages. The debtor also filed an objection to Ocwen's amended proof of claim. At the hearing, the Chapter 13 Trustee stated his support for the debtor's position that pre-petition escrow shortages should not be included in ongoing future mortgage payments.

## II. DISCUSSION

The issue is whether Ocwen can assess higher post-petition monthly escrow payments to make up for the debtor's failure to make pre-petition escrow payments or whether this escrow shortage is a part of Ocwen's pre-petition claim. The Court agrees with the reasoning set forth in *Campbell v. Countrywide Home Loans, Inc. (In re Campbell),* 545 F.3d 348 (5th Cir. 2008) and *In re Rodriguez,* 629 F.3d 136 (3rd Cir. 2010), and finds that the escrow shortage is a pre-petition claim which cannot be included in the ongoing future mortgage payments.

Pursuant to the Bankruptcy Code, the term "claim" is defined broadly. Specifically, 11 U.S.C. § 101(5) defines a claim as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable

remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The Supreme Court has stated that the language "right to payment" in the definition of "claim" means "nothing more nor less than an enforceable obligation." ***Johnson v. Home State Bank***, 501 U.S. 78, 83 (1991) (citation omitted). This Court must look to the mortgage agreement to determine whether Ocwen had an enforceable right to payment pre-petition. The following provisions of the mortgage documents required the debtor to make monthly escrow payments:

> 1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3.
>
> * * * *
>
> 3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes . . .; [and] (c) premiums for any and all insurance required by Lender . . . . These items are called "Escrow Items." . . . Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.
>
> * * * *
>
> Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

4 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:10-bk-08837  Doc 59  Filed 04/13/11  Entered 04/13/11 11:45:45  Desc Main
Document      Page 4 of 6

* * * *

4. Charges; Liens. Borrower shall pay all taxes . . . attributable to the Property which can attain priority over this Security Instrument . . . . To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

If the debtor failed to make required payments, the mortgage documents provided:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand. . . .

Moreover, when the debtor failed to make her monthly mortgage payment, Paragraph 9 of the mortgage documents granted Ocwen the right to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . ."

Based on these provisions, the debtor had an obligation to make monthly escrow payments, and Ocwen had a right to collect past-due escrow payments without waiting until the taxes and insurance bills had to be paid. Like in *Campbell* and *Rodriguez*, the mortgage documents establish that the debtor's obligation to pay into the escrow account was enforceable, thus, creating a pre-petition claim for the unpaid escrow. Therefore, the pre-petition escrow shortage should have been included in Ocwen's pre-petition claim rather than

5 - U.S. Bankruptcy Court, M.D. Tenn.

calculated into future escrow payments. Accordingly, the monthly payment of $397.54 to cover pre-petition escrow arrearage should not be included in the future ongoing mortgage payments. However, Ocwen is entitled, as conceded by the debtor, to have the ongoing escrow payments increased to cover future escrow items. According to the Court's calculations, the debtor's new monthly mortgage payment should be $2070.88 ($1474.56 (principal and interest) + $596.32 (required escrow)).

### III. CONCLUSION

For the reasons stated above, the Court finds that the debtor's objection to Ocwen's amended proof of claim should be sustained and the Chapter 13 Trustee's motion to modify the plan should be granted to the extent necessary to ensure that the ongoing mortgage payments include only future escrow increases. Furthermore, Ocwen is entitled to a claim for pre-petition escrow arrearages but this amount cannot be included in the ongoing mortgage payments.

The Chapter 13 Trustee shall prepare an Order consistent with this Memorandum Opinion.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

6 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:10-bk-08837   Doc 59   Filed 04/13/11   Entered 04/13/11 11:45:45   Desc Main Document      Page 6 of 6